IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| PERFECT CORP., <br><br> *Plaintiff*, <br><br> v. <br><br> LENNON IMAGE TECHNOLOGIES, LLC, <br><br> *Defendant*. | Case No. 6:22-cv-1164 <br><br> **JURY TRIAL DEMANDED** |

# COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Perfect Corp. ("Plaintiff" or "Perfect") hereby files this Complaint against Lennon Image Technologies, LLC ("Defendant" or "Lennon") for Declaratory Judgment of non-infringement and invalidity of U.S. Patent No. 6,624,843 ("the '843 Patent") owned by Defendant Lennon. A copy of the '843 Patent is attached as Exhibit A.

## THE PARTIES

1. Plaintiff Perfect is a California corporation organized and existing under the laws of the State of California with its principal place of business at 3031 Tisch Way, 110 Plaza West in San Jose, CA 95128.

2. Defendant Lennon is a Texas limited Liability Company organized and existing under the laws of Texas, with a place of business at 1910 East Southeast Loop 323, #244, Tyler Texas 75701. *See* Exhibit B, 12/24/2021 Complaint for Patent Infringement.

1

3. According to Texas Secretary of State filings, Lennon's registered agent in Texas is InCorp Services, Inc. with a listed address in this district at 815 Brazos St., Ste. 500 in Austin, TX 78701.

## JURISDICTION AND VENUE

4. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202, and the provisions of the Patent Laws of the United States of America, Title 35 of the United States Code, § 100, et seq., due to Defendant's assertion of infringement of the '843 Patent against Perfect and Perfect's customers.

5. This Court has subject matter jurisdiction over the claims is conferred upon this Court by 28 U.S.C. § 2201 and 2202 (declaratory judgment), 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1338(a) (patent jurisdiction), and 28 § U.S.C. 1332 (diversity jurisdiction).

6. This Court has general personal jurisdiction over Defendant Lennon because Lennon is incorporated in and has a place of business in Texas.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) at least because a substantial amount of the events which give rise to the requested remedy have occurred in this district. Defendant Lennon has sued Plaintiff's customer in this district based on the technology provided to Plaintiff's customer by Plaintiff.

8. Jurisdiction and Venue in this district are also proper because Defendant Lennon has submitted to this Court's jurisdiction by currently asserting the '843 Patent in this district in two cases. *See Lennon Image Technologies, LLC v. Chanel, Inc*. 6-21-cv-01227 (WDTX); *Lennon Image Technologies, LLC v. Gucci America, Inc. et al* 6-21-cv-01311 (WDTX). The *Chanel* case involving the '843 Patent is currently pending before Judge Albright in Waco.

2

## EXISTENCE OF AN ACTUAL CONTROVERSY

9. There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

10. Defendant Lennon is a patent assertion entity formed for the sole purpose of generating revenue by asserting the '843 Patent against other companies' products. Defendant has sued at least 24 companies for alleged infringement of the '843 Patent:

- *Lennon Image Technologies, LLC v. Gucci America, Inc.* et al 6-21-cv-01311 (WDTX)

- *Lennon Image Technologies, LLC v. Chanel, Inc.* 6-21-cv-01227 (WDTX)

- *Lennon Image Technologies, LLC v. Coty Inc.* 1-17-cv-09146 (SDNY)

- *Lennon Image Technologies, LLC v. Mary Kay Inc.* 3-15-cv-00551 (NDTX)

- *Lennon Image Technologies, LLC v. Shiseido Americas Corporation* 2-21-cv-00093 (EDTX)

- *Lennon Image Technologies, LLC v. Kendra Scott, LLC* 2-21-cv-00069 (EDTX)

- *Lennon Image Technologies, LLC v. Target Corporation* 2-20-cv-00362 (EDTX)

- *Lennon Image Technologies, LLC v. Ulta Beauty, Inc.* 2-20-cv-00249 (EDTX)

- *Lennon Image Technologies, LLC v. JAND, Inc. d/b/a Warby Parker* 2-20-cv-00223 (EDTX)

- *Lennon Image Technologies, LLC v. The Estee Lauder Companies, Inc. et al* 2-20-cv-00212 (EDTX)

- *Lennon Image Technologies, LLC v. Coty Inc.* 2-17-cv-00385 (EDTX)

- *Lennon Image Technologies, LLC v. Sephora USA, Inc.* 2-16-cv-00411 (EDTX)

- *Lennon Image Technologies, LLC v. L'Oreal USA, Inc.* 2-15-cv-01416 (EDTX)

- *Lennon Image Technologies, LLC v. Tacori Enterprises* 2-13-cv-00241 (EDTX)

- *Lennon Image Technologies, LLC v. Safilo America, Inc. et al* 2-13-cv-00240 (EDTX)

- *Lennon Image Technologies, LLC v. Luxottica Retail North America Inc. et al* 2-13-cv-00239 (EDTX)

- *Lennon Image Technologies, LLC v. Lumondi Inc.* 2-13-cv-00238 (EDTX)

- *Lennon Image Technologies, LLC v. Fraimz LLC* 2-13-cv-00237 (EDTX)

- *Lennon Image Technologies, LLC v. Ditto Technologies, Inc.* 2-13-cv-00236 (EDTX)

- *Lennon Image Technologies, LLC v. Macy's, Inc. et al* 2-13-cv-00235 (EDTX)

- *Lennon Image Technologies LLC v. Conde Nast Publications Inc. et al* 1-12-cv-00905 (DDE)

- *Lennon Image Technologies LLC v. Forevermark US Inc.* 1-12-cv-00904 (DDE)

- *Lennon Image Technologies LLC v. Skullcandy Inc.* 1-12-cv-00903 (DDE)

- *Lennon Image Technologies LLC v. Tissot USA Inc. et al* 1-12-cv-00902 (DDE)

- *Lennon Image Technologies LLC v. Mattel Inc*. 1-12-cv-00901 (DDE)

- *Lennon Image Technologies LLC v. Boucheron Joaillerie USA Inc*. 1-12-cv-00900 (DDE)

11.    Several of the companies sued by Defendant Lennon are Plaintiff Perfect's customers including The Estee Lauder Companies, Inc. ("Estee Lauder") and Target Corporation

("Target"), while other companies such as Chanel, Inc. ("Chanel") are customers of Perfect's affiliated companies.

12. These customers licensed Plaintiff Perfect's YouCam / virtual try-on Product ("Plaintiff Perfect's Product") and integrated it into their websites.

13. Defendant Lennon has sued Estee Lauder, Target, and Chanel alleging infringement of the '843 Patent based on their use of Plaintiff Perfect's Product on their websites. Defendant Lennon's infringement allegations accused the functionality provided by Plaintiff Perfect of infringing and included screenshots of Plaintiff Perfect's Product. A copy of each of the complaints which includes Lennon's infringement allegations against Estee Lauder, Target, and Chanel are attached as Exhibits B, C, and D.

14. As part of the Plaintiff Perfect's license agreement with its customers, Plaintiff Perfect agreed to indemnify these parties against allegations of patent infringement directed to their use of Plaintiff Perfect's Product.

15. As a result of Defendant Lennon's allegations, Estee Lauder, Target, and Chanel requested defense and indemnification under their license agreements and Plaintiff Perfect and its affiliated companies agreed to defend and indemnify its customers pursuant to the terms of those agreements.

16. After Defendant Lennon sued Estee Lauder and Target, Plaintiff Perfect and Defendant Lennon held discussions to resolve Lennon's threats and allegations against Perfect's customers, with Lennon refusing to license or otherwise resolve outstanding issues with Perfect. Thereafter, Defendant Lennon sued Chanel, confirming that Defendant Lennon will continue to sue companies using Perfect's Product.

17. Defendant Lennon's infringement allegations against Estee Lauder, Target, and

Chanel are read by Plaintiff Perfect to allege that it is Plaintiff Perfect's Product that Defendant Lennon contends infringes the '843 Patent and that Plaintiff Perfect is at least inducing and contributing to the infringement of the '843 Patent by its customers.

18. Defendant Lennon confirmed this belief in a filing to the Patent Trial and Appeals Board ("PTAB") when it stated that Plaintiff Perfect was required to indemnify and defend Plaintiff Perfect's customer because Defendant Lennon had sued Plaintiff Perfect's customer based on the product provided by Plaintiff Perfect. Exhibit E, *Perfect Corp. v. Lennon Image Technologies, LLC*, IPR2022-00124, Paper 15, Redacted Patent Owner's Preliminary Response.

19. As a result of these statements and continued filing of lawsuits against Plaintiff Perfect's customers, Plaintiff Perfect reasonably apprehends that Defendant Lennon will directly accuse Plaintiff Perfect of infringing the '843 Patent or accuse other customers of Plaintiff Perfect of infringing the '843 Patent.

20. Plaintiff Perfect has incurred actual damages as a result of Defendant Lennon's allegations at least because Plaintiff Perfect has had to pay for the defense of its customers sued by Defendant Lennon. Moreover, Perfect continues to be harmed based on Lennon's previous threats against Perfect and its additional customers that Lennon has not yet sued.

21. Defendant Lennon's actions therefore create an immediate, actual, and substantial controversy between Defendant Lennon and Plaintiff Perfect.

## COUNT I

**(Non-Infringement of the '843 Patent)**

22. Plaintiff Perfect incorporates by reference all the above paragraphs, as if set forth fully herein.

23. Plaintiff Perfect's Product did not and does not infringe, whether literally or under the doctrine of equivalents, any valid and enforceable claim of the '843 Patent.

24. For example, all of the claims of the '843 Patent require an "apparel style image" and Plaintiff Perfect's Product does not have an "apparel style image." Further, all of the claims require a "composite image" that is composed of the "customer image" and "apparel style image." Plaintiff Perfect's Product does not have an "apparel style image" and it therefore cannot meet either the "apparel style image" or "composite image" limitations.

25. Accordingly, for at least the above reasons, Plaintiff Perfect's Product did not and does not infringe any claim of the '843 Patent, either literally or under the doctrine of equivalents.

26. Further, since there is no direct infringement, Plaintiff Perfect did not and does not contribute to or induce infringement or otherwise indirectly infringe the '843 Patent, either literally or under the doctrine of equivalents.

27. As set forth above, an actual controversy exists between Plaintiff Perfect and Defendant Lennon with respect to alleged infringement of the '843 Patent, and this controversy is ongoing and continuing.

28. Pursuant to at least 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties with respect to Plaintiff Perfect's non-infringement of the '843 Patent is necessary and appropriate.

29. Plaintiff Perfect seeks, and is entitled to, a declaration from the Court that Plaintiff Perfect has not and does not infringe any valid and enforceable claim of the '843 patent, either directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents, or in any manner whatsoever.

## COUNT II

### (Invalidity of the '843 Patent Under 35 U.S.C. § 101)

30. Plaintiff Perfect incorporates by reference all the above paragraphs, as if set forth fully herein.

31. All of the claims of the '843 patent are invalid under 35 U.S.C. § 101 because they are directed to the patent-ineligible subject matter of "try before you buy." There is no concrete or tangible form to the claimed invention of the '843 patent. Instead, the claims are directed to one of the most basic and common activities of trying something on before purchase.

32. Plaintiff Perfect seeks, and is entitled to, a declaration from the Court that each claim of the '843 patent is invalid under 35 U.S.C. § 101 because they are directed to patent-ineligible subject matter.

## COUNT III

### (Invalidity of the '843 Patent Under 35 U.S.C. §§ 102 and/or 103)

33. Plaintiff Perfect incorporates by reference all the above paragraphs, as if set forth fully herein.

34. As a non-limiting example, the claims of the '843 Patent are invalid under the patent, printed publication, prior public use, and/or on-sale bars of 35 U.S.C. § 102; and/or rendered obvious under the patent, printed publication, prior public use, and/or on-sale bars under 35 U.S.C. § 103.

## COUNT IV

**(Invalidity of the '843 Patent Under pre-AIA 35 U.S.C. § 112)**

35. Plaintiff Perfect incorporates by reference all the above paragraphs, as if set forth fully herein.

36. As a non-limiting example, the claims of the '843 Patent are invalid for lacking enablement or written description under pre-AIA 35 U.S.C. § 112, ¶ 1.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Perfect respectfully requests the following relief:

A. That the Court enter a judgment declaring that Plaintiff Perfect has not infringed and is not infringing, either directly or indirectly, any claim of the '843 Patent;

B. That the Court enter a judgment declaring that all the claims of the '843 Patent are invalid;

C. That the Court enter an injunction restraining Defendant Lennon and each of its officers, directors, agents, counsel, servants, employees, and all of persons in active concert or participation with any of them, from alleging, representing, or otherwise stating that Plaintiff Perfect (including its affiliates) infringes any claims of the '843 Patent and from instituting or initiating any action or proceeding alleging infringement of any claims of the '843 Patent against Plaintiff Perfect (including its affiliates) or any customers, manufacturers, users, importers, or sellers of Plaintiff Perfect's (including its affiliates) products;

D. That the Court declare Plaintiff Perfect to be the prevailing party and this case to be exceptional, and award Plaintiff Perfect their reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

E.  That the Court order Defendant Lennon to pay all fees, expenses, and costs associated with this action; and

F.  That the Court award Plaintiff Perfect any further relief as this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff Perfect demands a jury trial for any and all causes of action.

Dated: November 10, 2022              Respectfully submitted,

**PERKINS COIE LLP**

*/s/ Matthew C. Bernstein*
Matthew C. Bernstein
(CA Bar No. 199240)
MBernstein@perkinscoie.com
Patrick J. McKeever (*Pro Hac Vice Forthcoming*)
PMcKeever@perkinscoie.com
11452 El Camino Real, Suite 300
San Diego, CA 92130-2080
Tel. (858) 720.5700
Fax (858) 720.5799

Dakota Kanetzky
(Texas Bar No. 24116599)
405 Colorado Street, Suite 1700
Austin, TX 78701
Tel. (737) 256.6100
Fax (737) 256.6300

**ATTORNEYS FOR PLAINTIFF
PERFECT CORP.**