# EXHIBIT E

Filed on behalf of:                                          Paper No. _____
Lennon Image Technologies LLC                   Date:  March 4, 2022
By:    John Kasha (Lead Counsel)
         john.kasha@kashalaw.com
         Kelly Kasha (Back-up Counsel)
         kelly.kasha@kashalaw.com

UNITED STATES PATENT AND TRADEMARK OFFICE

————————————————

BEFORE THE PATENT TRIAL AND APPEAL BOARD

————————————————

PERFECT CORP.,

Petitioner,

v.

LENNON IMAGE TECHNOLOGIES LLC,

Patent Owner.

————————————————

Case IPR2022-00124

Patent 6,624,843

————————————————

**PATENT OWNER'S PRELIMINARY RESPONSE**

# **TABLE OF CONTENTS**

I.  Introduction .................................................................................... 1

II.  Background ................................................................................... 1

III.  Petitioner Has The Burden Of Persuasion ...................................... 9

IV.  Petitioner And Estee Lauder Are Privies ........................................ 9

  A.  Petitioner And Estee Lauder Have A "Pre-Existing Substantial Legal Relationship" .................................................................................. 11

  1.  Petitioner Had An Opportunity To Litigate The Validity Of The '843 Patent In Patent Owner's Lawsuit Against Estee Lauder ................................. 11

  2.  It Is Irrelevant Whether Petitioner Exercised Its Right To Defend Estee Lauder ......................................................................................... 13

  3.  The Admitted "Partnership" Between Petitioner And Estee Lauder Goes Far Beyond A Standard Customer-Manufacturer Relationship ........................ 15

V.  Conclusion .................................................................................. 17

# TABLE OF AUTHORITIES

Page

## CASES

*Applications in Internet Time,* 897 F.3d 1336 ..........................................................11

*General Electric Company, v. Transdata, Inc.*, IPR2014-01559 (PTAB Apr. 15, 2015) ................................................................................... 10, 14

*Microsoft Corporation v. Science Applications International Corporation*, IPR2019-01311 (PTAB Jan. 27, 2020)................................................... 10, 11, 13

*Taylor v. Sturgell*, 553 U.S. 880, 894–95 (2008)............................................... 10, 11

*Ventex Co., Ltd., v. Columbia Sportswear North America, Inc.*, IPR2017-00651, Paper 148, p. 12 (PTAB Jan. 24, 2019)............................................ 9, 11

*WesternGeco LLC v. ION Geophysical Corp.*, 889 F.3d 1308, 1319 (Fed. Cir. 2018) ................................................................................... passim

## OTHER AUTHORITIES

35 U.S.C. § 315(b) ......................................................................... 1, 9, 17

## I.     Introduction

Pursuant to 35 U.S.C. §313 and 37 C.F.R. §42.107, Patent Owner Lennon Image Technologies LLC ("Patent Owner") respectfully submits the following Patent Owner's Preliminary Response ("POPR") to the petition for *inter partes* review of Claims 5, 8, 9, 12, 18, and 20-30 of U.S. Patent No. 6,624,843 (the "'843 Patent"), Case IPR 2022-00124 (the "Petition").

On November 30, 2021, the Board mailed a Notice of Filing Date Accorded to the Petition.  Paper 5.  On February 11, 2022, the Board granted Patent Owner's Motion for Additional Discovery and extended the deadline for the POPR to March 4, 2022.  Paper 10.

Petitioner has asserted it is the sole real party-in-interest.  Petition at 1. However, as discussed below, the Petition is barred by 35 U.S.C. §315(b), because the Petition was filed more than 1 year after the date on which The Estee Lauder Companies Inc. ("Estee Lauder), a privy of Petitioner, was served with a complaint alleging infringement of the '843 Patent.

## II.     Background

On April 15, 2015, Petitioner was created as a spin-off of Cyberlink Corp. Ex. 2006 ("Cyberlink Corp….today announced the launch of Perfect Corp.  Perfect Corp. is a spin-off of Cyberlink focused on exploring and developing the growing market for mobile beauty applications through its flagship mobile app platforms

YouCam Makeup and YouCam Perfect.").  At the time Perfect Corp. was created,

its predecessor, Cyberlink, had already "partnered with leading global cosmetic

brands Maybelline Taiwan and Estee Lauder on YouCam Makeup."  Ex. 2007.  In

a press release, Petitioner admitted that it adopted Cyberlink's partnership with

Estee Lauder – "[a]s an early adopter of Perfect Corp.'s YouCam's AR beauty

solutions back in 2015, The Estee Lauder Companies' approach to beauty tech has

been ever-evolving."  Ex. 2008.



Ex. 2009

(PERFECT_843IPR_0001-38).[1]

---

[1] Pursuant to the Board's February 11, 2022 Order granting Patent Owner's request

for additional discovery, Petitioner was ordered to produce "***all*** agreements

between Petitioner and Estee Lauder from prior to November 10, 2020, related to

Estee Lauder's virtual makeup try-on products."  Paper 10 (emphasis added).  The

is the earliest agreement produced by Petitioner even though

Petitioner has publicly admitted that it has been a "partner" of Estee Lauder since

2015.

████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████. *Id*. at PERFECT_843IPR_0001. ████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████." *Id*. at PERFECT_843IPR_0002.

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████ *Id.* at PERFECT_843IPR_0017.

████████████████████████████████████████████

██████████████████████████████ *Id.*

████████████████████████████████████████████

███████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████.” *Id.*

at PERFECT_843IPR_0019-20.

███████████████████████████████████████

████████████████:

    15.   ████████████

       ████████████████████████████████

       ███████████████████████████████

       ███████████████████████████████

       ████████████████████████████████

       ███████████████████████████████

       ████████████████████████████████

       ████████████████████████████████

       ████████████████████████████████



- ██████████████████████████████████████████████

  ██████████████████████████████████████████████

  ██████ ; and

- ██████████████████████████████████████████████

  ██████████████████████████████████████ *Id*. at

PERFECT_843IPR_0021.

████████████████████████████████████████████████ :

- ██████████████████████████████████████████████

  ██████████████████████████████████████████████

  ██████████████████████ ;

- ██████████████████████████████████████████████

  ██████████████████████████████████████████████

  ██████████████████████████████████████████

  ████████████████████████████████████████████████

  ████████████████████████████████████████████████

  ██████████████████████████████████████████████

  ████████████████████████████████████████████

  ████████████████████████████████████████████████

  ████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████.” *Id.*

██████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████

████████.” *Id.*

█████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████████

████████████████████ Ex. 2010 (PERFECT_843IPR_0039-374). ██████

████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████

████████████████████████   *Id*. at PERFECT_843IPR_0122-123.

On June 26, 2020, Patent Owner served Estee Lauder with a complaint alleging infringement of the '843 Patent by Estee Lauder's virtual makeup try-on tools.  *See* Exhibit 2004 (complaint against Estee Lauder); Exhibit 2005 (Estee Lauder Civil Docket, Docket No. 7).  In the complaint, the exemplary accused infringing products of Estee Lauder were its "web-based virtual try-on tool" (or "Estee Lauder Website Try-On Tool) and "a mobile web-based virtual try-on tool" (or "Estee Lauder Find Your Shade Tool" which related to virtual try-on for Estee Lauder's "Double Wear" shades product).  Ex. 2004 at ¶¶15, 16.  The complaint further includes several links to, and screenshots from, Estee Lauder's virtual try-on for "Double Wear" that permitted a user to "Find Your Shade" and virtually try-on various cosmetic products.  Id. at ¶¶16, 19, 43 and 48.

The Petition was filed on November 5, 2021, more than 1 year after Estee Lauder was served with a complaint alleging infringement of the '843 Patent.

Before the deadline for the POPR, Patent Owner moved for additional discovery of the relationship between Petitioner and Estee Lauder based on various public statements by Petitioner and Estee Lauder that they had an established "partnership" bringing Petitioner's virtual makeup try-on technology together with Estee Lauder's makeup products.  Paper No. 7.  The Board granted Patent Owner's

request and ordered Petitioner to produce "[a]ll agreements between Petitioner and Estee Lauder from prior to November 10, 2020, related to Estee Lauder's virtual makeup try-on products." Paper 10. Pursuant to the Board's order, Petitioner produced the MSDMA and thirty-six SOWs and amendments thereto.

## III.   Petitioner Has The Burden Of Persuasion

Patent Owner's introduction of evidence indicating that Petitioner and Estee Lauer are privies places the burden on Petitioner to demonstrate that the Petition is not time-barred under § 315(b) based on the complaint served on Estee Lauder more than a year before the Petition was filed." *Ventex Co. Ltd. V. Columbia Sportswear North America, Inc*., IPR2017-00651 (PTAB Jan. 24, 2019), Paper 148 at 4-5.

## IV.   Petitioner And Estee Lauder Are Privies

35 U.S.C. §315(b) precludes institution of an *inter partes* review "if the petition requesting the proceeding is filed more than 1 year after the date on which…[a] privy of the petitioner is served with a complaint alleging infringement of the patent." The statutory requirement on petitioners to identify privies "prevent[s] successive challenges to a patent by those who previously have had the opportunity to make such challenges in prior litigation." *WesternGeco LLC v. ION Geophysical Corp*., 889 F.3d 1308, 1319 (Fed. Cir. 2018).

"Privity" is not defined in the Leahy-Smith America Invents Act, but is meant to have its common-law meaning. *WesternGeco LLC*, 889 F.3d at 1317. The privity analysis "seeks to determine whether the relationship between the purported 'privy' and the relevant other party is sufficiently close such that both should be bound by the trial outcome and related estoppels." Patent Trial and Appeal Board Consolidated Trial Practice Guide at 14-15 (Nov. 20, 2019) at 14-15, http://www.uspto.gov/ TrialPracticeGuideConsolidated ("TPG"). For example, "[i]t is important whether the petition and a prior litigant's relationship is sufficiently close that it can be fairly said that ***the petitioner had a full and fair opportunity to litigate the patent's validity in the corresponding lawsuit***." *Microsoft Corporation v. Science Applications International Corporation*, IPR2019-01311 (PTAB Jan. 27, 2020), Paper 35 at 6 (emphasis added). As the Board has explained, "***actual control is not required***; the opportunity to exert the appropriate level of control is sufficient." *General Electric Company, v. Transdata, Inc*., IPR2014-01559 (PTAB Apr. 15, 2015), Paper 23 at 9 (emphasis added).

In *Taylor v. Sturgell*, 553 U.S. 880, 894–95 (2008), the Supreme Court provided a non-exhaustive list for examining whether the legal relationship between two parties establishes that one is the privy of the other: "(1) an agreement between the parties to be bound; (2) pre-existing substantive legal relationships

between the parties; (3) adequate representation by the named party; (4) the non-party's control of the prior litigation; (5) where the non-party acts as a proxy for the named party to relitigate the same issues; and (6) where special statutory schemes foreclose successive litigation by the non-party (e.g., bankruptcy and probate)." *Applications in Internet Time,* 897 F.3d at 1360 at 894–95) (Reyna, J., concurring) (citing *Taylor*, 553 U.S. at 894–95)).  "Analysis under any one of the factors can support a finding of privity."  *Ventex Co., Ltd.,* Paper 148 at 12; *see also Microsoft*, IPR209-01311, Paper 35 at 7 ("The presence of one of these is sufficient to establish privity.").

## A.    Petitioner And Estee Lauder Have A "Pre-Existing Substantial Legal Relationship"

The ████████████████, as well as Petitioner's and Estee Lauder's public pronouncements of a "partnership," are clear evidence that, prior to filing the Petition, Petitioner and Estee Lauder had a "pre-existing substantial legal relationship."

### 1.    Petitioner Had An Opportunity To Litigate The Validity Of The '843 Patent In Patent Owner's Lawsuit Against Estee Lauder

████████████████████████████████████████

████████████████████████████████████████



.”

Ex. 2009 at PERFECT_843_IPR_0020.

The Estee Lauder products accused of infringing the '843 Patent included

the

.”  See, e.g., Ex. 2010 at

PERFECT_843IPR_0122-124.  Thus, when Patent Owner filed the complaint

against Estee Lauder for infringement of the '843 Patent,

.”  Ex. 2009 at PERFECT_843_IPR_0020-21.

*Id*. (emphasis added).



." *Id.*

In determining whether privity exists, "[i]t is important whether the petitioner and a prior litigant's relationship is sufficiently close that it can be fairly said that ***the petitioner had a full and fair <u>opportunity</u> to litigate the patent's validity in the corresponding lawsuit***." *Microsoft*, Paper 35 at 6 (emphasis added). Here, there can be no dispute that Petitioner "had a full and fair opportunity to litigate" the validity of the '843 Patent in the Estee Lauder lawsuit. ███████

███████████████████████████████████████████

██████████████████████████████████

███████ Ex. 2009 at PERFECT_843_IPR_0020-21.  Obviously, Petitioner had the opportunity to defend Patent Owner's claims of infringement by asserting that the claims of the '843 Patent are invalid, as Petitioner does in the Petition.

Accordingly, Petitioner and Estee Lauder are privies.

## 2.   It Is Irrelevant Whether Petitioner Exercised Its Right To Defend Estee Lauder

Petitioner may argue that it is not a privy of Estee Lauder, because Petitioner did not actually participate in the Estee Lauder litigation.  The Board has held that

this argument is irrelevant.  *General Electric*, Paper 23 at 11 ("the presence or absence of actual control is immaterial to the privity determination").  The salient question is whether there was an "opportunity" for control -- "***actual control is not required; the opportunity to exert the appropriate level of control is sufficient***." *Id.* at 9.  Undoubtedly, Petitioner had that opportunity.



Ex. 2009 at PERFECT_843_IPR_0021 (emphasis added).

*Id.* (emphasis added).

*Id.*

, then "where a nonparty entity shares control with a party, the nonparty is in privity with the party if control is shared as it would be between two formal coparties."  *General Electric*, Paper 23 at 10.

████████████████████████████████████████

████████████. Ex. 2009 at PERFECT_843_IPR_0021.

Accordingly, it is immaterial whether Petitioner actually controlled or participated in the Estee Lauder litigation; the sole question is whether Petitioner had that opportunity – it did.

### 3. The Admitted "Partnership" Between Petitioner And Estee Lauder Goes Far Beyond A Standard Customer-Manufacturer Relationship

In its opposition to Patent Owner's motion for additional discovery, Petitioner alleged that it has merely "done business" with Estee Lauder – "[t]hat Estee Lauder has done business with Petitioner has nothing to do with the Petition in this case".  Paper 9 at 1.  Based on the public pronouncements of a "partnership" from Petitioner and Estee Lauder, ████████████████████████ ████████████████████████, it is absolutely clear that the relationship between Petitioner and Estee Lauder goes far beyond a standard customer-manufacturer relationship or two companies that merely "do business."

Petitioner attempted to support its assertion that Estee Lauder was not its privy by citing the Federal Circuit's decision in *WesternGeco LLC v. Ion Geophysical Corp. (In re WesternGeco LLC)*, 889 F.3d 1308 (Fed. Cir. 2018). However, *WesternGeco* is inapposite for several reasons.

First, the agreement in *WesternGeco* merely stated that a party "shall indemnify" the other and did not define "indemnify."  *Id*. at 1321.  ██████

████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

█████████████████████████████ Ex. 2009 at

PERFECT_843_IPR_0020-21.

███████████████████████████████

███████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████." *Id*. at PERFECT_843IPR_0017 (emphasis added).

████████████████████████████████████

███████████████████████████. See Ex. 2010 at, e.g.,

PERFECT_843IPR_0104-107 (Section 5 "████████

PERFECT_843IPR_0167-179 (Section 1b); PERFECT_843IPR_0361-374

(Section 3).  There was no evidence of any agreed-to ████████ in *WesternGeco*.

██████████████████████████████████████

███████████████████████████████████

█████████████████████████. Ex. 2009 at PERFECT_843IPR_0003-4

(Section 3 – 

There was no evidence of similar provisions in *WesternGeco*.

Accordingly, it cannot be disputed that Petitioner and Estee Lauder had a pre-existing, "substantial" legal relationship.

## V.      Conclusion

For at least reasons stated above, the Petition is barred under 35 U.S.C. §315(b), because Estee Lauder, a privy of Petitioner, was served with a complaint alleging infringement of the '843 Patent more than 1 year before the Petition was filed.  Accordingly, Patent Owner respectfully requests that the Board deny institution.

Dated:       March 4, 2022                    Respectfully submitted
                                              /John R. Kasha/

                                              _____
                                              John R. Kasha (Lead Counsel)
                                              Registration No. 53,100

KASHA LAW LLC
14532 Dufief Mill Road
North Potomac, MD 20878
Tel. 703-867-1886

**CERTIFICATE OF SERVICE**

Pursuant to 37 C.F.R. § 42.6(e), this is to certify that on this 4th day of

March, 2022, I caused to be served a true and correct copy of the foregoing

**PATENT OWNER'S PRELIMINARY RESPONSE**, by e-mail on the following

counsel of record (per agreement of counsel):

PERKINS COIE LLP
Patrick J. McKeever (Lead Counsel)
Matthew C. Bernstein (Back-up Counsel)
Ryan Hawkins (Back-up Counsel)
11452 El Camino Real, Suite 300
San Diego, CA 92130
Telephone:  (858) 720-5700
Fax:  (858) 720-5834
PerkinsServicePerfect_Lennon@perkinscoie.com

Respectfully submitted,

/John R. Kasha/

Registration No. 53,100
Attorney for Lennon Image Technologies
LLC
Kasha Law LLC
14532 Dufief Mill Rd.
North Potomac, MD 20878
(703) 867-1886, telephone
(301) 340-3022, facsimile
Email:  john.kasha@kashalaw.com