UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **PERFECT CORP.,**<br><br>*Plaintiff,*<br><br>v.<br><br>**LENNON IMAGE TECHNOLOGIES, LLC,**<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§ Civil Action No. 6:22-CV-01164-ADA-DTG<br>§<br>§<br>§<br>§<br>§<br>§ |

REPORT AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>

TO: THE HONORABLE ALAN D ALBRIGHT,
UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

This is a suit filed on November 10, 2022, by Plaintiff Perfect Corp. for declaratory judgment of noninfringement and invalidity of U.S. Patent No. 6,624,843 ("the '843 Patent") owned by Defendant Lennon Image. ECF No. 1. Defendant answered on January 30, 2023. ECF No. 16. Before the Court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction seeking dismissal of Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(1), filed April 12, 2023. ECF No. 38. Plaintiff filed a response in opposition on April 26, 2023, ECF No. 40, and a corrected response in opposition on May 1, 2023, ECF No. 43. Defendant filed a reply in support of its Motion on May 9, 2023. ECF No. 46. On November 2, 2023, the Court held a hearing on the Motion. ECF No. 76. At the hearing, the Court stated it recommends **DENYING**

1

the Motion and would prepare a written report and recommendation. This is that report and recommendation. For the following reasons, the Court concludes that it has subject matter jurisdiction over the declaratory judgment action brought by Plaintiff, and thus, **RECOMMENDS** that the Court **DENY** Defendant's Motion to Dismiss (ECF No. 38).

## I.   FACTUAL BACKGROUND

Plaintiff is a supplier of virtual try-on software. It brought a declaratory judgment action in this Court after its customer, Chanel, whom Plaintiff had agreed to indemnify, was sued for patent infringement by Defendant. *Lennon Image Technologies, LLC v. Chanel, Inc.*, 6:21-cv-01227-ADA-DTG (W.D. Tex. filed 11/24/21). Plaintiff alleges facts showing that Defendant is engaged in a litigation campaign against Plaintiff's customers. Plaintiff alleges and Defendant does not dispute that 24 lawsuits have been filed by Defendant over a span of over 10 years against retailers, and none of those lawsuits were filed against a supplier of a product to those retailers. ECF No. 1, ¶ 10; ECF No. 38 at 7, 14.[1] Plaintiff's Complaint specifically identifies Chanel, Target, and Estée Lauder as Plaintiff's customers that Defendant has sued for alleged infringement of the '843 Patent based on their use of Plaintiff's virtual try-on software. ECF No. 1, at ¶11. Plaintiff's Complaint states that Plaintiff indemnifies its customers, including the customers that have been sued by Defendant. ECF No. 1, ¶¶ 14-15. Additionally, Plaintiff points out that in a March 2022 filing with the Patent Trial and Appeal Board ("PTAB"), Defendant argued that an *inter-partes* review ("IPR") petition filed by Plaintiff should not be instituted because Plaintiff was in privity with a retailer-defendant as a result of Plaintiff's indemnification obligations to the retailer-defendant, and as that retailer-defendant had been sued more than one-year before the IPR was filed,

---

[1] Unless otherwise noted, references to pagination of docket items refers to the pagination in the CM/ECF header of the PDF document instead of, for example, a page number in the footer of a brief as drafted in Word.

Plaintiff's petition was time barred under 35 U.S.C. §315(b). ECF No. 43 at 6; ECF No. 41-1 at 18–19 (*Perfect Corp. v. Lennon Image Techs.*, Case IPR2022-00124 (PTAB Mar. 4, 2022) (Patent Owner's Preliminary Response)).

## II.   LEGAL STANDARD

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A court's alleged lack of subject-matter jurisdiction generally may be raised at any time in the same civil action, either in the answer or in the form of a suggestion to the court before a final judgment. *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004). A motion under Rule 12(b)(1) should not be dismissed unless the court determines that the plaintiff cannot prove a plausible set of facts in support of its claim. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007)); *see also Canales v. ALM Media, LLC*, No. 12-cv-1036, 2013 WL 5719476, at *3 (W.D. Tex. Oct. 18, 2013), report and recommendation accepted and adopted, No. 12-cv-1036, 2013 WL 12126240, at *2 (W.D. Tex. Dec. 4, 2013).

The threshold question for declaratory judgment jurisdiction is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). The Federal Circuit has explained that where a patent holder accuses customers of direct infringement based on the sale or use of a supplier's equipment, the supplier has standing to commence a declaratory judgment action if (a) the supplier is obligated to indemnify its customers from infringement liability, or (b) there is a controversy between the patentee and the supplier as to the supplier's liability for induced or contributory infringement based on the alleged acts of direct infringement

by its customers. *Arris Group, Inc. v. British Telecomms. PLC*, 639 F.3d 1368, 1375 (Fed. Cir. 2011); *see also Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 905 (Fed. Cir. 2014) ("[T]o establish a substantial controversy regarding inducement, there must be allegations by the patentee or other record evidence that establish at least a reasonable potential that such a claim could be brought.").

### III. ANALYSIS

#### A. Indemnity Obligations

Defendant alleges in its motion Plaintiff has "no right" to bring a declaratory judgment action because its customers have been sued for direct infringement. ECF No. 38 at 11 (citing *Microsoft*, 755 F.3d at 904). Defendant avers that Plaintiff "does not explain why it could not simply continue to defend Chanel against Defendant's already-asserted infringement allegations in the pending lawsuit against Chanel." ECF No. 38 at 9. Plaintiff stated in its Complaint and in its opposition brief that it is a supplier with an indemnification obligation to customers accused of direct infringement, and thus it has standing to file this declaration judgment action. ECF No. 1, ¶¶ 14–15; ECF No. 43 at 5. Plaintiff points to Federal Circuit cases that hold an obligation to indemnify customers gives rise to standing to bring a declaratory action suit. ECF No. 43 at 5 (citing *Arris*, 639 F.3d at 1375). Plaintiff argues that Defendant's prior opposition to Plaintiff's IPR petition as being time-barred because Plaintiff was in privity with its indemnitee, Estee Lauder—who was also a retailer-defendant in a suit brought by Defendant—shows that Plaintiff has standing when its customers are sued under Defendant's argument to the PTAB. *See* ECF No. 43 at 6.

The Court disagrees with Defendant's characterization of *Microsoft v. DataTern*. 755 F.3d 899. In that case, there was "no evidence of" an indemnity obligation. *Microsoft v. DataTern*, 755

4

F.3d at 904. The *Microsoft* court noted, however, that "If Appellees had an obligation to indemnify their customers, they would then have standing to bring suit." *Id.* (citing *Arris*, 639 F.3d at 1375). In *Arris Group*, the Federal Circuit stated that indemnification obligations can provide standing. 639 F.3d at 1375. That is the situation here. Plaintiff provides a contractual indemnity obligation to its customers in its license agreements—long before any patent infringement suit is filed. ECF No. 43 at 5. Under *Microsoft* and *Arris*, the Court is persuaded that is sufficient to create standing.

As to Chanel, that suit is pending in this district under an order staying the Chanel case until resolution of this case. *Lennon Image Techs., LLC v. Chanel, Inc.*, 6:21-cv-01227-ADA-DTG, ECF No. 35 (W.D. Tex. Mar, 21, 2023). In opposing that stay, Defendant never raised an issue about the subject matter jurisdiction of this case. *See id.*, ECF No. 32 (W.D. Tex. Jan. 30, 2023) (Defendant's opposition to Chanel's motion to stay). Because the Chanel suit is stayed pending this suit, and the two suits are in the same district, this lawsuit is the more efficient and effective way for Plaintiff to defend Chanel. In addition, this suit provides Plaintiff an opportunity to defend its other customers as well. The Court finds that Plaintiff's pre-suit, contractual indemnity obligations to retail-defendants gives rise to standing of this declaratory judgment action. Further, Defendant's arguments made during the IPR with Estee Lauder support Plaintiff's standing in this case.

Defendant's reliance on *Amana* is unpersuasive. 172 F.3d 852.[2] Defendant cites that case for the proposition that "an actual controversy cannot be based on a fear of litigation over future products." *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855 (Fed. Cir. 1999). The defendant in *Amana*, however, had filed a covenant not to sue the plaintiff on the asserted patent.

---

[2] Defendant appears to attribute this quote to *Ameranth* as that is the primary citation it includes following the quote. A review of the cases, however, demonstrates that the quote comes from Defendant's second citation—*Amana*. *See* ECF No. 38 at 10.

*Id*. That covenant was "sufficient to divest" the court of subject matter jurisdiction over the declaratory judgment action. 172 F.3d at 855–56. No such covenant has been filed in this case.

### B. Liability for Indirect Infringement

Having found that Plaintiff has standing based on its indemnification agreements with its customers, the Court has determined it has subject matter jurisdiction over this case. For completeness, the Court also addresses standing based upon whether "there is a controversy between the patentee and the supplier as to the supplier's liability for induced or contributory infringement based on the alleged acts of direct infringement by its customers." *Arris Grp.*, 639 F.3d at 1375. Defendant argues that Plaintiff cannot have standing because Plaintiff disputes that it has infringed Defendant's patents, either directly or indirectly. ECF No. 38 at 8. Plaintiff countered by providing evidence that the technology and software on its website was the software for which Defendant had sued Plaintiff's customers. *See* ECF. No. 43 at 9–10 (citing ECF No. 40-4 at 11); ECF No. 58 at 5 & n.1. In *Arris Group*, the Federal Circuit explained that direct infringement allegations made against a customer can be "an implicit assertion" that the supplier has indirectly infringed. 639 F.3d at 1375.

The Court agrees with Plaintiff that there is "at least a reasonable potential" that an indirect infringement claim could be brought against Plaintiff in the future. *Microsoft v. DataTern*, 755 F.3d at 905. The Court follows Federal Circuit's approach in *Arris*, where it rejected a similar argument that the party seeking a declaratory judgment had the "burden of presenting evidence that [its] actions indirectly infringe the patents-in-suit." 639 F.3d at 1380 ("Ironically, BT overlooks the fact that the very purpose for an accused infringer to bring a declaratory judgment action is to seek a judicial determination that a coercive claim by the patent holder would not succeed on the merits."). The Court is persuaded that under these facts a dispute exists between

6

Defendant and Plaintiff concerning Plaintiff's liability for indirect infringement that is sufficient to constitute a case or controversy. *Id.* at 1379.

## IV. CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss (ECF No. 38) be **DENIED**.

## V. OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

**SIGNED** this 20th day of November, 2023.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE